NORM COMPANY *vs.* CUMBERLAND COAL COMPANY.

APRIL 12, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action in assumpsit brought to recover on a contract which it is alleged was breached by the defendants. On August 11, 1930, the parties entered into a contract by the terms of which the defendants were given the exclusive right in Cumberland and Valley Falls to use a means of advertising devised by the plaintiffs. The contract provided that the plaintiffs furnish a series of mats with various designs thereon for use by the defendants in newspaper advertising. The price agreed upon was $202; $52 to be paid on the first delivery of the mats and the balance at the rate of $17.33 each month. The defendants did not use any of the mats and have repudiated their contract. They do not set up in defense noncompliance on

the part of the plaintiff. The only question presented by the exceptions relates to the measure of damages. The trial justice directed the jury to return a verdict for the full amount of the contract, with.interest.

The defendants rely on *Old Kentucky Distrib'g Corp.* v. *Morin*, 50 R. I. 163, where it was held that, for the breach of an executory contract for the sale of goods, the seller cannot recover the contract price. The contract in the instant case was not for the sale of goods but was in the nature of a contract for services.

While it was the duty of the plaintiffs to minimize the damages, it is apparent that this could be done only by a resale of its services in the territory covered by the contract. The burden is on the defendants to show that the loss to the plaintiffs could have been reduced by such resale. *Brumbaugh System Inc.* v. *Providence Live Poultry Co.*, 47 R. I. 39. There was no error in the direction of a verdict for the plaintiffs.

The defendants' exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Francis J. O'Brien, William E. Boyle, Albert Lisker,* for plaintiff.

*Joseph V. Broderick, William M. Connell,* for defendant.